IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOSE MIGUEL REYES-JOVEL,

Petitioner,

vs.

JEROME KRAMER, Sheriff Lincoln County Det Cen; IMMIGRATION AND CUSTOMS ENFORCEMENT, ICE; UNITED STATES CUSTOMS AND IMMIGRATION SER, USCIS; TODD LYONS, Director ICE; and MARK MULLIN,

Respondents.

**8:26CV493**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Jose Miguel Reyes-Jovel's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully held without being afforded a bond hearing before an immigration judge. Respondents argue Petitioner is subject to mandatory detention as an arriving alien seeking admission. For the reasons set forth herein, the Court grants the Petition and orders Respondents to afford Petitioner a bond hearing.

## I. BACKGROUND

Petitioner is a native and citizen of El Salvador who entered the United States at an unknown time and place. Filing No. 6 at 3. On April 19, 2024, Petitioner was convicted in state court in Minnesota of sale of cocaine or methamphetamine and sentenced to 56 months in prison. Filing No. 6 at 3; Filing No. 6-1. On April 29, 2024, ICE lodged a detainer on Petitioner. Filing No. 6-2. On August 4, 2025, Petitioner was released to ICE custody and issued a notice to appear for removal proceedings. Filing No. 6 at 4; Filing No. 6-4.

On October 29, 2025, an immigration judge held a hearing and ordered Petitioner removed to El Salvador. Filing No. 6-5. Petitioner has appealed this order and such appeal remains pending before the BIA. Filing No. 6-6; Filing No. 6 at 4. Petitioner remains detained.

Petitioner seeks a writ of habeas corpus ordering Respondents to release him or provide him with a bond hearing. Filing No. 1. He argues he is improperly held without being afforded a bond hearing and he is not receiving proper medical care while confined. *See* Filing No. 1 at 6–7.

## II. STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(a)[1], pointing to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In *Avila*, the Eighth Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A). Previously, §

---

[1] Although Respondents note Petitioner's criminal convictions, they do not argue such convictions necessitate Petitioner's detention. *See* Filing No. 4 (Respondents' brief asserting 8 U.S.C. § 1225(b)(2)(a) as the sole basis for Petitioner's detention). If Respondents believe Petitioner's conviction provides a basis to detain him, they should assert such an argument at a bond hearing as set forth herein.

1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those apprehended in the country. Prior to the Eighth Circuit's decision, the undersigned had found DHS's interpretation of the INA to be incorrect. *See Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328, at *2 (D. Neb. Jan. 8, 2026). Numerous district courts across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court of Appeals, Sixth Circuit Court of Appeals, Ninth Circuit Court of Appeals, and Seventh Circuit Court of Appeals. have agreed. *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *1 (7th Cir. July 30, 2026). However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed. The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

But the statutory-interpretation argument does not end the Court's inquiry. The undersigned has also determined that a non-citizen's detention without the opportunity for a bond violated his due process rights under the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319, (1976). *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026). For the same reasons set forth in greater detail in that opinion, the undersigned concludes Respondents have violated Petitioner's due

process rights in this case. Accordingly, Petitioner must be released.[2] *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . . The typical remedy for such detention is, of course, release.").

This is so even though an immigration judge has ordered Petitioner removed; the order of removal is not yet final because Petitioner's appeal is currently pending before the BIA. *See* 8 U.S.C. § 1231 (the "removal period" requiring mandatory detention begins on the date the order of removal becomes administratively final); 8 C.F.R. § 1241.1(a) (order of removal becomes administratively final upon, inter alia, dismissal of an appeal by the Board of Immigration Appeals). Should Petitioner's removal become administratively final, he will thereafter be subject to mandatory detention. 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Or, should Respondents choose to attempt to re-detain Petitioner prior to his removal order becoming administratively final, they must afford him a bond hearing in immigration court wherein the burden is on the government to demonstrate he poses a flight risk or is a danger to the community.

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.
2. Respondents shall release Petitioner from custody as soon as practicable, no later than 48 hours from the filing of this Order.
3. Respondents must release Petitioner with all personal effects including identification documents and immigration documents, and without conditions such as location tracking devices.

[2] Because the Court concludes release is warranted on this basis, it need not consider Petitioner's alternative argument regarding the conditions of his confinement.

4. Respondents shall provide the Court with a status update concerning Petitioner's release by no later than **5:00 P.M. on September 22, 2026.**
5. Should Respondents re-detain Petitioner, they must afford him a prompt bond determination hearing.

Dated this 16th day of September, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge