IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSE MIGUEL REYES-JOVEL,<br><br>Petitioner,<br><br>vs.<br><br>JEROME KRAMER, Sheriff Lincoln County Det Cen; IMMIGRATION AND CUSTOMS ENFORCEMENT, ICE; UNITED STATES CUSTOMS AND IMMIGRATION SER, USCIS; TODD LYONS, Director ICE; and MARK MULLIN,<br><br>Respondents. | **8:26CV493**<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Petitioner's Emergency Motion for Reconsideration, Filing No. 20.

## I. BACKGROUND

The Court granted Petitioner's motion for writ of habeas corpus, finding he was entitled to release on due-process grounds. Filing No. 13 at 3. Although an immigration judge had ordered Petitioner removed, the Court concluded that order of removal was not yet final because Petitioner had appealed the decision to the Board of Immigration Appeals ("BIA") and no ruling had been made on the appeal. Filing No. 13 at 4. Before Petitioner was released, Respondents discovered the BIA had, in fact, dismissed the appeal, and filed notice with the Court of the same. Filing No. 18. The Court thereafter entered an order agreeing that now that the BIA had ruled, Petitioner's removal order was administratively final, and he was subject to mandatory detention during the removal period. Filing No. 19. Petitioner has filed a motion to reconsider stating he has filed documents with the Eighth Circuit Court of Appeals which prevent his continued detention.

## II. ANALYSIS

After an alien is ordered removed, the Attorney General is given a 90-day window in which to remove the individual (the so-called "removal period"). The statute prescribes when the removal period commences as follows:

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Initially, the Court granted Petitioner's motion for writ of habeas corpus because he had appealed the immigration judge's removal order. Subsection (i) of § 1231(a)(1)(B) provides that the removal period does not begin until a removal order is administratively final. An immigration judge's removal order becomes administratively final once the BIA dismisses an appeal therefrom. *See* 8 C.F.R. § 241.1. However, after the Court's judgment granting the writ, Respondents provided evidence that the BIA had dismissed Petitioner's appeal. Therefore, the removal order was administratively final, and the removal period commenced under subsection (i) of 8 U.S.C. § 1231(a)(1)(B), meaning Petitioner was subject to mandatory detention and no longer entitled to be released.

Petitioner now contends he has sought judicial review of the BIA's dismissal order and that such action should further stay the removal period. However, a key linguistic difference in the statute's subsections renders Petitioner's interpretation incorrect.

While under subsection (i) of 8 U.S.C. § 1231(a)(1)(B) and 8 C.F.R. § 1241.1, the removal period does not commence until the appeal is decided, subsection (ii) provides

an additional requirement when the alien has filed a petition for judicial review: that the court must order a stay of the removal of the alien in order to delay commencement of the removal period. In other words, a stay of removal is automatic from the appeal of an IJ decision to the BIA, but an order of the court of appeals granting a stay of removal is necessary when seeking judicial review from the BIA to the U.S. Circuit Court of Appeals.

Petitioner contends he has filed a petition for judicial review with the Eighth Circuit Court of Appeals. Filing No. 20 at 1. The documents he files in support of this contention are video-call screenshots and are illegible. *See* Filing No. 20 at 7–21. From these documents, the Court is unable to discern if Petitioner has filed for judicial review, if he has sought a stay of removal, and if the Eighth Circuit has issued a stay.

However, the Court takes judicial notice[1] of the public docket of the Eighth Circuit Court of Appeals in *Jose Reyes Jovel v. Todd Blanche*, Case No. 26-2946, which reveals that as of the date of this Order, no stay of removal has been sought or granted. Unless and until the Eighth Circuit orders Petitioner's removal be stayed, his order of removal is final, the removal period has commenced, and this Court is without authority to grant him further relief. Accordingly,

IT IS ORDERED:

1) Petitioner's Emergency Motion for Reconsideration, Filing No. 20, is denied.

Dated this 29th day of September, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

[1] The court is entitled to take judicial notice of public records. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).